CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 28 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMIE LEE MONGER, Plaintiff, | Civil Action No. 7:05cv00473 |
| v. | MEMORANDUM OPINION |
| ROANOKE CITY JAIL, Defendant. | By: Jackson L. Kiser Senior U.S. District Judge |

Plaintiff Jamie Lee Monger, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C.§ 1343. In his complaint Monger alleges that the Roanoke City Jail has failed to provide him with his Virginia Department of Corrections paperwork and is denying his family special visits after they have traveled more than 100 miles to see him. As relief, Monger seeks to be transferred to a state run facility. After reviewing the complaint, I find that it must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

I. Analysis

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

As a threshold matter, the Roanoke City Jail is not a state actor in itself and therefore, is not

a proper defendant in a §1983 action. However, even if plaintiff was given an opportunity to amend to name a proper state actor, he would still not be entitled to relief because he fails to allege any injury or ongoing constitutional violation for which relief is warranted.

Monger alleges that the defendant has failed to provide him with any "paperwork" from the Virginia Department of Corrections. However, a prisoner has no constitutional right of access to his prison files. Paine v. Baker, 595 F.2d 197, 200 (4th Cir. 1979). Accordingly, even if the defendants are intentionally denying Monger access to these files, he has failed to state a constitutional claim. Accordingly, this claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Next, Monger alleges that defendants are denying his family special visitation after they have traveled more than 100 miles. However, Monger admits that defendants are not prohibiting plaintiff's family from visiting him, rather they require that those visits occur during regular visiting hours. Neither prisoners nor would-be visitors have a constitutional right to visitation. White v. Keller, 438 F. Supp. 110, 115 (D. Md. 1977)(leaving open the possibility that a permanent ban on all visitation could implicate the Eighth Amendment), aff'd, 588 F.2d 913 (4th Cir. 1978); see Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989)(finding there is no right to visitation guaranteed by the Due Process Clause). Accordingly, visitation is a privilege, not a constitutional right. Wright v. Vitale, 937 F.2d 604 (4th Cir. 1991). Therefore, even if defendant refuses to allow plaintiff's family special visitation, he has failed to state to state a constitutional claim. Accordingly, this claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2

## II. Conclusion

Based on the foregoing, I find that Monger has not presented any claims on which relief can be granted. Therefore, I will dismiss the complaint without prejudice.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 28th day of July, 2005.

Senior United States District Judge